IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

YAMAR AUNTREZ MARTIN, #85239  *
      Plaintiff
  v.  * CIVIL ACTION NO. RDB-05-710

HARFORD COUNTY SHERIFF'S DEPT.  *
THOMAS GOLDING, HEAD SHERIFF
      Defendants.  *
                                  ******

**MEMORANDUM OPINION**

On March 14, 2005, Plaintiff filed this 42 U.S.C. § 1983 civil rights complaint for injunctive relief and punitive damages in the amount of $100,000.00. He stated that in 2004, he was tried and acquitted in a well-publicized first degree murder case in the Circuit Court for Harford County, Maryland. (Paper No. 1 at 4). Plaintiff seemingly complained that because of the acquittal, he has been subject to forms of harassment from officers in the Harford County Sheriff's Department, when he was: (i) pulled over and arrested; (ii) "overcharged" on his pending drug possession and distribution count; (iii) labeled a gang member; and (iv) told that efforts would be made to make things difficult for him. (*Id*. at Attachment).

On March 16, 2005, this Court ordered Plaintiff to file a Supplemental Complaint.[1] (Paper No. 3). He has now done so. (Paper No. 4). Plaintiff complains that since his December 8, 2004 acquittal he has been "harassed, threatened, and berated" by members of the Harford County Sheriff's Department. (*Id*.). He specifically claims that:

---

[1] Plaintiff was instructed to furnish a supplement which included: (i) the particular backgrounds facts of his claims; (ii) the names of the proper party defendants and an explanation of how they violated his constitutional rights; and (iii)) details regarding his resulting injuries. (Paper No. 3).

- On January 14, 2005,[2] he was arrested and charged with possession of marijuana, and told by the arresting officer that "we are going to lock you up every time we see your ass, you didn't get away with nothing;"

- On February 18, 2005, he was placed under arrest for a warrant that was issued as a result of the grand jury indictment arising out of the January 14, 2005 arrest. At the time of this arrest, the officer informed him that "we gonna bury your ass under the jail;"

- During the course of a February 19, 2005 interview, conducted while he was awaiting bail to be posted, he was accused by police detectives and officers of being a member of the "Bloods" gang and told that "he would die of old age in prison if they had anything to do with it;"

- On February 27, 2005, he was arrested for possession with the intent to distribute cocaine, even though the amount recovered from the vehicle in which he was a passenger was about 2 grams. At the time of his arrest, he was told by an officer that "I'm going to charge you with drugs and I'm going to give you [as] many charges [as] I possibly can";

- He was denied bail by a Court Commissioner even though he had not been charged with anything that can result in life imprisonment; and

- On February 29, 2005, he was questioned about gang activity by the lead detective in the homicide case in which he had been acquitted. Plaintiff was told by the detective that he was "going to make [Plaintiff's situation] bleaker...."

(Paper No. 4).

Plaintiff's acknowledges that a grand jury indicted him on drug charges and that cocaine was found in a vehicle in which he was riding. That information aside, he is, for all intents and purposes, complaining that Harford County law enforcement officers have arrested him and verbally browbeaten him as a form of harassment in retaliation for his December 2004 acquittal in a well-publicized homicide case. To the extent that Plaintiff is seeking compensation for his arrests and detention, the case shall be summarily dismissed without prejudice as his § 1983 Complaint for damages is not cognizable under *Heck v.*

---

[2] Plaintiff asserts that this arrest occurred on January 14, 2004. Given the allegations raised in the Supplemental Complaint, however, the Court presumes he is referring to a 2005 date.

*Humphrey*, 512 U.S. 477 (1994); *see also Muhammad v. Close*, 124 S.Ct. 1303, 1304 (2004).

The plaintiff in *Heck*, an Indiana state prisoner, sued two state prosecutors who had prosecuted him and a state investigator who had participated in the investigation leading to plaintiff's conviction. Plaintiff alleged that defendants had knowingly destroyed evidence which was exculpatory in nature and had also caused an unlawful voice identification procedure to be used at his trial. The complaint sought compensatory and monetary damages. The Supreme Court concluded that the complaint had to be dismissed. In so doing, the Court rejected the lower court's reasoning that a § 1983 action should be classified as a habeas corpus action. Said the Court:

> We hold that, in order to recover damages for alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed in the absence of some other bar to the suit.

*Heck*, 512 U.S. at 486-7.

Plaintiff is raising a claim of selective prosecution. In this case, however, it is clear that a judgment in favor of Plaintiff with regard to the drug indictments, arrests, and detention, would bring into question the validity of his Maryland charges. There is no allegation that Plaintiff's criminal charges have been dismissed.

Under the rule of *Heck*, therefore, his § 1983 claim for damages may not proceed in this Court.[3]  If Plaintiff is convicted of his criminal charges, he may proceed in the state and federal courts in a timely manner in order to overturn his conviction(s).  If Plaintiff is found innocent of his charges and acquitted or, is able to overturn his conviction(s) at a later date, he may re-file this action.

     A separate Order follows.

Date: May 17, 2005

/s/
_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[3]  Insofar as Plaintiff seeks to enjoin Harford County law enforcement from further "harassment," this Court shall not intervene in the ongoing state court criminal proceedings.  *See Younger v. Harris*, 401 U.S. 37, 49 (1971); *Huffman v. Pursue, Ltd*., 420 U.S. 592 609-610 (1975); *Dickerson v. Louisiana*, 816 F.2d 220, 226-29 (5th Cir. 1987) (where a defendant has not exhausted his state court remedies, a federal court shall not exercise its limited authority to stop state criminal proceedings in the absence of "special circumstances").